Day, J.
The determination of the questions presented in this case depend upon constructions to be given to the legislation of congress, known as the legal tender acts. Upon questions of this class, the supreme court of the United States is the ultimate tribunal, and its decisions are decisive of the case before us.
Without repeating here the reasoning upon which those decisions are based, it is only necessary to state the leading principles settled by that court, and apply them to the questions raised m this case.
In the late cases of Knox v. Lee and Parker v. Davis (12 *470 Wall. 457), after much deliberation, it was decided by that court, that the legal tender acts oí congress are constitutional and valid, as applied to contracts made both before and after their passage.
In the more recent case of Trebilcock v. Wilson (12 Wall. 687), affirming the decision in the earlier case of Bronson v. Rhodes (7 Wall. 229), it was held “that express contracts, payable in gold or silver dollars, could only be satisfied by the payment of coined dollars, and could not be discharged by notes of the United States declared to be a legal tender in payment of debts.” Again, in the same case it is said: “ If we look to the act of 1862, in the light of the contemporaneous and subsequent legislation of congress, and of the practice of the government, we shall find little difficulty in holding that it was not intended to interfere in any respect with existing or subsequent contracts payable by their express terms in specie; and that when it declares that the notes of the United States shall be lawful money, and a legal tender for all debts, it means for all debts which are payable in money generally, and not obligations payable in commodities, or obligations of any other kind.” ,
It was also held in that case, that, under the coinage and legal tender acts of congress, we have “ two kinds of money, essentially different in their nature, but equally lawful,” and that, therefore, “ contracts payable in either, or for the possession of either, must be equally lawful, and, if lawful, must be equally capable of enforcement.”
In the same case it was further held, that, as both kinds of money are “expressed by similar designations,” making judgments for the payment of dollars generally, though based upon obligations to pay coin, payable in depreciated note, dollars, it became necessary, “to avoid ambiguity and prevent a failure of justice, to allow judgments to be entered for the payment of coined dollars, when that kind of money was specifically designated in the contracts upon which suits were brought.”
In this manner, while two kinds of lawful mono}’, differing in commercial value, are recognized, contracts payable *471 ill either maybe enforced in accordance with the just rights and obligations of the parties. It is, moreover, the only mode sanctioned by that court, in which parties can obtain the full benefit of contracts payable in coin, when it is of a greater commercial value than legal tender notes; for, in the recent case already referred to, the previous holdings of the court in Butler v. Horwitz (7 Wall. 258), and in Dewing v. Sears (11 Wall. 379), were fully sustained. In both of these cases general judgments had been rendered by the State courts for an amount equivalent to the market value of that stipulated to be paid in coiii by the terms of the contracts on which the suits were brought. The judgments were reversed, and the cases were remanded to the State courts for judgments payable in coin. In the former case it was said by the Chief Justice : “The damages should have been assessed at the sum agreed to be due, with interest, in gold and silver coin, and judgment should have been entered in coin for that amount, with costs.” In the latter case it was said, that the judgment “ should have been entered for coined dollars and parts of dollars, instead of treasury notes equivalent in market value to the value in coined money of the stipulated weight of pure gold.”
It follows from these decisions, that, in the case before us, the plaintiff was not entitled to recover, in addition to the amount called for by the note in suit, the currency premium on coin. The court so held, and, to that extent, rightly. But the judgment rendered for the right amount was general, and might be satisfied lawfully by payment of the same amount of legal tender notes ; thus, by the judicial action of the court, a contract payable in coin was reduced to a debt of the same amount, that might be discharged by legal tender notes. This, by reason of the depreciated comparative value of such notes, was decidedly prejudicial to the interests of the plaintiff, and practically amounted to a denial of his legal rights under the note in suit, as settled by the decisions before referred to.
The note was given for coin loaned to the defendants. They expressly contracted to pay it in gold or silver. The *472 plaintiff did nothing to waive his right to payment in specie. On the contrary, he demanded payment in coin, and, in his action on the note, he relied upon it as a contract for coin. He was entitled to judgment in such form as would give him his legal rights, and secure to him the full benefit of his contract when discharged by payment.
Inasmuch as United States legal tender notes were the general standard of commercial value in the country at the time the action was brought, it was no uncommon error to suppose that the only way to obtain the full benefit of a contract expressly payable in coin, was to procure a judgment for an amount of equivalent value, payable in such notes. The plaintiff, it is true, fell into this mistake in the form of the judgment asked in his petition, but it embraced the substance of the remedy to which he was entitled — the full value of his note. It is, however, sufficient to say, that in cases where parties have sought the same form of remedy on coin contracts, as that claimed in this, the supreme court of the United States have decided, that it was the duty of the court, in order that the legal rights of parties may be preserved, to render judgments expressly payable in coin. This ruling we feel bound to follow.
This, it is true, is new in the practice of this State. But the necessity for it, growing out of a new kind of legal tender in the payment of debts, is of recent origin. The modification of judgments required, however, is nothing more than making them conform to the new order of pecuniary affairs, by expressing which of two kinds of lawful dollars, of different relative values, the party is justly and legally entitled to recover in satisfaction of his claim.
Nor does this form of remedy on coin contracts conflict with the code of civil procedure. On the contrary, its provisions are amply sufficient to warrant judgments in accordance with the rights of the parties. Nor will any insurmountable difficulty arise in carrying a judgment for coin into execution. The same necessity which occasioned such judgments will continue in the further proceedings thereon by final process for the satisfaction thereof; for the require *473 ment to pay a judgment in coin, by necessary implication, must authorize and require the collection of coin by legal process for that purpose. (See Lane County v. Oregon, 7 Wall. 71.) This will require no change in the mode of procedure, except that appraisements and sales of property, so far as necessary, must be for coined dollars instead of note dollars.
It follows that the judgment of the court of common pleas, reducing a contract payable in coin to a debt of the same amount payable in legal tender currency, was erroneous, and must be reversed.
The case being one in which the statute authorizes this court to render the judgment that should have been rendered by that court, a judgment for coin will be entered here for the' amount found to be due on the note and interest. But the judgment for coin will not embrace the costs of suit. The judgment for costs must be general, so that it may be satisfied by payments of either kind of lawful money.
* Scott, C.J., and Welch, White and McIlvaine, JJ., concurred.